# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO REYES, JR., | ) CV F 02 6207 OWW LJO HC |
| Petitioner, | ) |
| v. | ) FINDINGS AND RECOMMENDATION<br>) REGARDING PETITION FOR WRIT OF<br>) HABEAS CORPUS |
| JOE McGRATH, Warden, | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND - STATE COURT**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on May 18, 2000, of one count of first degree murder during the commission of a robbery in violation of Cal. Penal Code § 190.2(a)(17)(A). See Exhibit A, Respondent's Motion to Dismiss (hereinafter "Motion"). The special circumstance allegation that Petitioner personally used a firearm

---

[1] This information is derived from the January 27, 2004, amended petition for writ of habeas corpus, Respondent's motion to dismiss the amended petition, and Petitioner's opposition.

during the commission of the offense was found to be true. Id. In addition, the court found that Petitioner had served three prior prison terms within the meaning of Cal. Penal Code § 667.5(a). Id. On June 16, 2000, Petitioner was sentenced to serve an indeterminate term of life without the possibility of parole in state prison. Id. In addition, Petitioner was sentenced to a determinate term of 18 years for the findings that he had personally used a firearm and had previously served three prison sentences. Id.

Petitioner thereafter appealed the conviction. On May 24, 2002, the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"), affirmed the conviction. Id.

On June 24, 2002, Petitioner filed a petition for review with the California Supreme Court. See Exhibit B, Motion. On August 14, 2002, the petition for review was denied. See Exhibit C, Motion.

On November 21, 2003, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court. The petition was denied on December 4, 2003. On December 24, 2003, Petitioner filed a petition for writ of habeas corpus in the 5th DCA. On May 28, 2004, the petition was denied. Thereafter, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition is still pending.

## PROCEDURAL BACKGROUND - FEDERAL COURT[2]

On September 23, 2002, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated October 1, 2002, the action was transferred to the Fresno Division and received in this Court. On October 11, 2002, this Court conducted a preliminary review of the petition, found the petition to be completely deficient, and ordered Petitioner to file an amended petition.

On November 1, 2002, Petitioner filed a first amended petition for writ of habeas corpus. Petitioner raised thirteen grounds for relief: 1) "Petitioner was improperly convicted on the basis of uncorroborated accomplice testimony and unreliable extrajudicial accomplice statements"; 2) "The robbery-murder special circumstance must be stricken, because there is no evidence apart from

---

[2] This information is derived from the January 27, 2004, amended petition for writ of habeas corpus, Respondent's motion to dismiss the amended petition, and Petitioner's opposition.

accomplice testimony and statements to establish that allegation"; 3) "The misleading instructions and prosecutorial comments regarding accomplice corroboration and credibility must be remedied by reversing the judgment"; 4) "The Court improperly admitted the tape of Karina's and Valerie's jailhouse conversation"; 5) "The injection of inadmissible multiple hearsay and irrelevant statements of an accomplice mental state into Petitioner's trial must be remedied by reversing the judgment"; 6) "The erroneous exclusion of impeachment of Robert Castilleja must be remedied by reversing the judgment"; 7) "The improper exclusion of exculpatory defense evidence must be remedied by reversing the judgment"; 8) "The felony murder special circumstance is unconstitutionally overboard [sic]"; 9) "CALJIC No. 17.41.1 improperly chills the jurors' deliberative process"; 10) "The trial errors were cumulatively prejudicial"; 11) "The application of Section 2933.1 restriction of pre-sentencing credit to (15) percent was unauthorized"; 12) "The abstract of judgment must be corrected to remedy a scrivener's error"; and 13) "The Court should have ordered the direct restitution order to be a joint and several obligation."

On November 21, 2002, the Court issued a Findings and Recommendation regarding the amended petition. The Court recommended that Grounds Five, Eight, Nine, Ten, Eleven, Twelve, and Thirteen of the petition be dismissed without leave to amend for failure to state a claim. On April 1, 2003, the District Court adopted the Findings and Recommendation and dismissed the above-referenced claims.

On May 1, 2003, Petitioner filed a notice of appeal of the District Court's order dismissing grounds from his petition. On May 14, 2003, the record was transmitted to the Ninth Circuit Court of Appeals. On August 19, 2003, the Ninth Circuit reversed the District Court's order and remanded the case to allow Petitioner a second opportunity to amend his § 2254 petition.

On September 2, 2003, Respondent filed a motion for panel rehearing and rehearing en banc. The Ninth Circuit construed the motion as a motion for reconsideration. On November 20, 2003, the Ninth Circuit denied the motion.

On December 12, 2003, the Court granted Petitioner leave to file an amended petition pursuant to the Ninth Circuit's decision.

On January 8, 2004, Petitioner filed an amended petition. The Court reviewed the amended

petition and on January 13, 2004, ordered Respondent to file a response.

Then, on January 27, 2004, Petitioner filed another amended petition. The petition raised the following ten claims: 1) "Petitioner was improperly convicted on the basis of uncorroborated accomplice testimony which violated the petitioner's due process rights"; 2) "The robbery-murder special circumstance must be stricken, because there is no evidence apart from accomplice testimony and statements to establish that allegation"; 3) "The misleading instructions and prosecutorial comments regarding accomplice corroboration and credibility must be remedied by reversing the judgment"; 4) "The Court improperly admitted the tape of Karina's and Valerie's jail-house conversation"; 5) "The erroneous exclusion of impeachment of Robert Castilleja must be remedied by reversing the judgment"; 6) "The exclusion of exculpatory defense evidence was prejudicial and violated the petitioner's Sixth and Fourteenth Amendment Constitutional rights; therefore, resulting in a fundamentally unfair trial. The improper exclusion of exculpatory defense must be remedied by reversing the judgment"; 7) "The petitioner received ineffective assistance of counsel during his trial, violating Petitioner's Sixth and Fourteenth Amendment Rights and this made the petitioner's trial fundamentally unfair"; 8) "The felony-murder circumstance is unconstitutionally overboard [sic]"; 9) "The trial errors had a cumulative effect that are prejudicial and resulted in unfair trial"; 10) "The Court should have ordered the direct restitution order to be joint and several obligation."

On February 2, 2004, the Court issued an order disregarding the January 8, 2004, amended petition; it was determined that the application for writ of habeas corpus would proceed on the January 27, 2004, amended petition. Also on February 2, 2004, the Court issued a Findings and Recommendation that recommended Ground Seven of the amended petition be dismissed for untimeliness. On March 3, 2004, Petitioner filed objections. On March 16, 2004, the District Court adopted this Court's Findings and Recommendation and ordered Ground Seven dismissed from the amended petition. The matter was referred back to this Court.

On March 29, 2004, the Court issued an order directing Respondent to file a response.

On April 12, 2004, Petitioner filed a motion for reconsideration, a motion for certificate of appealability, and a notice of appeal to the Ninth Circuit Court of Appeals. On April 19, 2004, the District Court denied the motion for reconsideration and motion for certificate of appealability. On

May 27, 2004, the Ninth Circuit Court of Appeals denied the request for certificate of appealability and all pending motions.

On June 14, 2004, Respondent filed a motion for summary dismissal of the petition for failure to exhaust state remedies and for failure to raise cognizable federal claims. On July 19, 2004, Petitioner filed an opposition to the motion.

On August 19, 2004, this Court issued a Findings and Recommendation regarding Respondent's motion for summary dismissal. The Court recommended: 1) That the motion to dismiss be granted in part; 2) That the amended petition for writ of habeas corpus be dismissed without prejudice for Petitioner's failure to exhaust state remedies with regard to Grounds Two, Six, and Nine, and all allegations of prosecutorial misconduct and ineffective assistance of counsel; 3) That Grounds One, Three, Four, and Ten be dismissed with prejudice for failure to state a cognizable federal claim; and 4) That Petitioner be granted leave to file an amended petition deleting the unexhausted claims or a motion requesting that the Court strike the unexhausted claims as an alternative to suffering dismissal.

On September 29, 2004, the District Court adopted the Findings and Recommendation in full. Grounds One, Three, Four and Ten were dismissed for failure to state a cognizable claims. The petition was dismissed for failure to exhaust state remedies with respect to Grounds Two, Six, Nine, and all allegations of prosecutorial misconduct and ineffective assistance of counsel. Petitioner was granted thirty (30) days to file an amended petition deleting the unexhausted claims or a motion to strike the unexhausted claims in lieu of suffering dismissal of the action.

Petitioner appealed the order to the Ninth Circuit Court of Appeals. On April 22, 2005, the Ninth Circuit Court of Appeals denied Petitioner's request for certificate of appealability. Thirty (30) days have passed since the Ninth Circuit's denial, and Petitioner has not filed an amended petition deleting the unexhausted claims or a motion to strike the unexhausted claims.

**RECOMMENDATION**

Accordingly, for the reasons set forth in this Court's Findings and Recommendations of August 19, 2004, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to exhaust state remedies and the Clerk of Court be DIRECTED to enter

1  judgment for Respondent.

2      These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
4  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.

6      Within thirty (30) days after being served with a copy, any party may file written objections
7  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and
9  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
10 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:   June 1, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                              UNITED STATES MAGISTRATE JUDGE